TAYLOR, Judge.
The issue raised in this appeal is whether the probate court abused its discretion in denying the appellant’s petition to terminate a guardianship upon the ward’s change of domicile.
The guardianship was established in Martin County, Florida on November 4, 1991, when a trust was created from the settlement proceeds of a civil lawsuit wherein appellant, Karen Bynum, and her minor son were plaintiffs. Appellant, who was named guardian of her son’s property, was appointed trustee. Appellee, Anthony D. George, was appointed co-trustee. The trust constituted the sole asset of the guardianship.
When the guardianship and trust were created, appellant and her son were living in Atlanta, Georgia. They remained there for approximately five years until they moved to Bloomington, Indiana to live closer to family members on family-owned farm property. While living in Indiana, appellant was diagnosed with Stage 3 ovarian cancer and underwent major surgery and chemotherapy.
Concerned about her declining health and its impact on her son and the difficulty and expense attendant to conducting trust affairs in Florida, appellant decided it would be in her son’s best interest to seek transfer of the guardianship to Indiana. First, appellant filed a petition in Monroe County, Indiana to establish a guardianship based on her son’s incapacity. The Indiana court granted her petition and appointed her guardian of her son and his property. Next, appellant petitioned the Florida probate court to terminate the guardianship in Florida based on the ward’s change of domicile to Indiana and to transfer the trust to Indiana. Appellee, in his capacity as co-trustee, objected to termination of the Florida guardianship. After a hearing, the probate court sustained the co-trustee’s objection and denied appellant’s petition.
We find that the court erred in denying appellant’s petition to terminate the Florida guardianship. Florida Statute § 744.524, which governs the termination of a guardianship upon the ward’s change of domicile, provides:
When the domicile of a resident ward has changed as provided in s. 744.2025 [Change of wards’s residence], and the foreign court having jurisdiction over the ward at the ward’s new domicile has appointed a guardian and that guardian has qualified and posted a bond in an amount required by the foreign court, the guardian in this state may file her or his final report and close the guardianship ... If an objection is filed to the termination of the guardianship in this state, the court shall hear the objection and enter an order ei *962 ther sustaining or overruling the objection
[[Image here]]
InIn re Guardianship of Walpole, 639 So.2d 60 (Fla. 4th DCA 1994), we held that the statute did not create a presumption that a guardianship must be terminated upon the change of domicile of the resident ward; a probate court has discretion in making the decision whether to terminate a guardianship. However, we noted that in most cases, absent a showing of good cause, termination of the guardianship is appropriate upon satisfaction of the statutory requirements. We stated that:
In most cases, we would contemplate that once the requirements of the statute are fulfilled, termination of the guardianship would be appropriate when the domicile of the ward has changed. The paramount consideration is the welfare of the ward and his or her best interest, (emphasis supplied).
Id. at 62.
We interpret our decision in Walpole as requiring the party objecting to termination to show good cause why the court should not terminate the guardianship and, further, to establish that the best interest and welfare of the ward would be served by disallowing the termination.
The evidence presented at the hearing did not support a finding of good cause or “best interest of the ward” for retaining the guardianship and trust in Florida. Appellee argued that his familiarity with the court proceedings that led to settlement of the ward’s civil suit, as well as his involvement in other related litigation, provided him with a level of expertise necessary for effectively performing trust functions. However, he failed to adequately explain what impact his “special knowledge” would have upon discharging ministerial duties that could be performed by any qualified, court-appointed trustee in Indiana.
Appellee also cited the absence of any allegations or proof of mismanagement in his administration of the guardianship and trust funds as a reason for not permitting the termination. The lack of mismanaged or misused funds was indeed one factor we considered in Walpole in determining whether termination of a Florida guardianship should be permitted. However, under the facts and circumstances of this case, this factor alone is insufficient to deny transfer of the Florida guardianship.
In support of her petition to close the Florida guardianship and transfer the trust to Indiana, Appellant pointed out numerous factors that focused upon the needs, interests and welfare of the ward. She testified that she has been her son’s primary caregiver all his life. After her diagnosis of cancer in August of 1996, she became concerned that in the event of her death, her son would have no family, other than the family members who live near their home in Indiana. She testified that she and her son intend to remain in Indiana, that they have no contacts whatsoever to the State of Florida, and that they plan not to ever return to Florida to avoid triggering painful memories of the son’s experiences in Florida. Appellant testified that her son’s medical care providers are all located in their Indiana hometown. She expressed concern about having ready access to a local Indiana court and consultation with a local co-trustee to minimize the expense, difficulty and stress related to administering a guardianship and trust in Florida. She stated:
“Again, part of my frustration and realization of this is I — I wish it was convenient for me to see Judge Fennelly. I would like to feel represented in terms of here is a[j]udge and I want him to hear and know me and understand really what our life is, what is our life, and Lucas isn’t just a— Lucas is just not a word on a trust document. Lucas is a human being, and so is his mother. We have feelings, we have aspirations and we have some very difficult situations that we have tried to deal with. And it would just be wonderful to be able to have close contact with the people that administer things.”
The record below supports appellant’s position that terminating the Florida guardianship and transferring the trust to Indiana, where the ward lives with his mother, are in his best interest. Implicit in Walpole’s good cause requirement for opposing termination *963 of a guardianship is the general understanding that a local guardianship is more practical and cost effective. It eliminates the need for travel expenses and other costs associated with a foreign guardianship. Ap-pellee has failed to demonstrate good cause for disallowing appellant’s petition to terminate the Florida guardianship.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
KLEIN, J., and LABARGA, JORGE, Associate Judge, concur.